Jonathan A. Marshall
Matthew J. Antonelli
Zachariah S. Harrington
WEIL, GOTSHAL & MANGES LLP
Attorneys for Plaintiff
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
(212) 310-8007 (fax)

Betsy C. Sterling
Prisoners' Legal Services of New York
Local Counsel for Plaintiff
102 Prospect Street, Suite B-101
Ithaca, NY  14850
(607) 273-2283, ext. 229
(607) 272-9122 (fax)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER L. CURCIE,<br><br>       Plaintiff,<br><br>   v.<br><br>GLENN S. GOORD, Commissioner, New York State Department of Correctional Services; JOHN F. HOWARD, M.D., Regional Medical Director, New York State Department of Correctional Services; LESTER N. WRIGHT, M.D., Deputy Commissioner, Chief Medical Officer, Albion Correctional Facility; ANTHONY J. ANNUCCI, Deputy Commissioner and Counsel, Albion Correctional Facility; WILLIAM POWERS, Superintendent, Albion Correctional Facility; ROBERT KIRKPATRICK, former Superintendent, Albion Correctional Facility; JAMES STAEBELL, Nurse Administrator, Albion Correctional Facility; JONG SUP RIM, M.D., Albion Correctional Facility.<br><br>       Defendants. | **COMPLAINT**<br><br>**<u>JURY TRIAL<br>DEMANDED</u>** |

## **Preliminary Statement**

1. Plaintiff Jennifer L. Curcie suffers from a serious medical condition, neurogenic bladder. Because of this condition, Ms. Curcie needs to self catherise three or four times daily to empty her bladder. This procedure requires her to insert a catheter through her urethra to her bladder. Doctors from area hospitals have specifically instructed that in order to avoid serious risks to her health (including life-threatening kidney infections), Ms. Curcie should use a new catheter each time she self catherises.

2. Ms. Curcie entered the custody of the New York State Department of Corrections on approximately February 2001, and has been housed at the Albion Correctional Facility since approximately December 2001. Despite the orders of her doctors, since approximately December 2003, officials and medical staff of Albion Correctional Facility have refused to provide Ms. Curcie with sufficient catheters and supplies to self catherise four times daily. Instead, they insist that she reuse catheters.

3. Because of Albion's refusal to provide Ms. Curcie with the appropriate amount of catheters, Ms. Curcie has been forced to re-use catheters and/or to reduce the number of times she self catherises each day. This has led to her experiencing painful urinary tract infections, severe pain and discomfort, and serious threats to her health.

## **Jurisdiction and Venue**

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331. This action arises under the Fifth, Eight, and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. § 1983. Venue is proper in this district under 28 U.S.C. § 1391.

## The Parties

5. Plaintiff Jennifer L. Curcie is currently incarcerated at Albion Correctional Facility and for all relevant times has been under the custody and control of New York State Department of Correctional Services.

6. Defendant Glenn S. Goord is the Commissioner of the New York State Department of Correctional Services, and as such was and is responsible for the delivery of medical care to Ms. Curcie.

7. Defendant John F. Howard is the Regional Medical Director of the New York Stated Department of Correctional Services for the region including the Albion Correctional Facility, and as such was and is responsible for the delivery of medical care to Ms. Curcie.

8. Defendant Lester N. Wright, M.D., is the Deputy Commissioner and Chief Medical Officer of Albion Correctional Facility, and as such was and is responsible for the delivery of medical care to Ms. Curcie.

9. Defendant Anthony J. Annucci is the Deputy Commissioner and Counsel for Albion Correctional Facility, and on information and belief, was involved in decisions concerning the delivery of medical care to Ms. Curcie.

10. William Powers is the Superintendent of Albion Correctional Facility, and as such was and is responsible for the delivery of medical care to Ms. Curcie.

11. Robert Kirkpatrick was the Superintendent of Albion Correctional Facility, and a such was responsible for the delivery of medical care to Ms. Curcie.

12. Defendant James Staebell is the Nurse Administrator of Albion Correctional Facility, and as such was responsible for the delivery of medical care to Ms. Curcie.

13.     Defendant Jong Sup Rim, M.D., is a physician employed by Albion Correctional Facility who was responsible for the delivery of medical care to Ms. Curcie.

## Allegations

14.     From approximately April 2000, plaintiff Jennifer Curcie has suffered from neurogenic bladder, a permanent serous medical condition that requires ongoing medical care. Neurogenic bladder is a condition in which Ms. Curcie is not able to void her bladder normally. Because of this condition, Ms. Curcie must self catherise in order to void her bladder.

15.     Ms. Curcie was arrested and held in the Cayuga County Jail on approximately February 19, 2001. She immediately informed her jailers of her condition, and was sent to the local hospital. She was provided with sufficient supplies to self catherise four times daily.

16.     On approximately February 20, 2001, Ms. Curcie was sent to the Wayne County Jail. For the first several days there nurses performed catherization on her. Shortly thereafter, Ms. Curcie was provided with adequate supplies to self-catherise four times daily.

17.     On approximately July 31, 2001, Ms. Curcie was sent to Bedford Hills Correctional Facility. While there, she was provided with adequate supplies to self-catherise four times daily.

18.     On approximately December 17, 2001, Ms. Curcie was transferred to Albion Correctional Facility. After two or three weeks there, Ms. Curcie was provided with four catheters each day to self-catherise four times each day.

19. In approximately December 2003, Nurse Administrator Staebell called Ms. Curcie into his office and informed her that the prison budget required him to cut the number of catheters that were being provided to her. From that point on Ms. Curcie has been provided with less than four catheters each day to perform self-catherization. At times she has received four per week, and at other times seven per week. Dr. Rim informed Ms. Curcie that he did not have authority to increase the number of catheters above those allowed by Nurse Administrator Staebell.

20. As a result of not being provided sufficient catheters to self catherise four times daily, Ms. Curcie has suffered from urinary tract infections and other medical problems, severe pain and discomfort, and serious risks to her health.

21. Ms. Curcie has been repeatedly instructed by doctors at area hospitals to not reuse her catheters. Despite these instructions, the individuals in charge of Ms. Curcie's medical care at Albion have insisted that she reuse catheters and have refused to provide Ms. Curcie four catheters per day.

22. Ms. Curcie has a long history of urinary tract infections. Defendants have previously represented to this Court that patients with a history of urinary tract infections will not be forced to reuse catheters. Despite this representation, defendants continue to insist that Ms. Curcie reuse catheters.

## Exhaustion of Administrative Remedies

23. Ms. Curcie has applied for administrative relief, but here applications were denied. Ms. Curcie has appealed, but her appeals have been denied. Ms. Curcie has exhausted the administrative remedies available to her.

## First Cause of Action (Deliberate Indifference)

24.     Plaintiff repeats and incorporates as if set in full herein the allegations of paragraphs 1-23 hereof.

25.     Defendants' failure to provide Ms. Curcie with adequate medical care is deliberate indifference and/or willful neglect to Ms. Curcie's serious medical needs constituting cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

26.     As a result of Defendants' violation of Ms. Curcie's constitutional rights, Ms. Curcie has suffered severe pain and suffering, including unnecessary pain and discomfort, urinary tract infections and other medical problems, serious risks to her health, and mental distress. Accordingly, Ms. Curcie is entitled to compensatory and punitive damages in an amount to be determined at trial against Defendants, jointly and severally, and an injunction requiring Defendants to provide Ms. Curcie with sufficient supplies to self-catherise four times daily.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court enter an injunction ordering Defendants to provide Ms. Curcie with sufficient medical supplies (including at least four catheters per day) to self-catherise four times daily; granting Ms. Curcie damages sufficient to compensate her for Defendants' violations of her rights; granting appropriate punitive damages against Defendants; granting reasonable attorneys fees, costs, and disbursements; granting appropriate interest; and granting such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial on all issues triable by jury.

Dated: March 21, 2006
      New York, New York

_____
Jonathan A. Marshall
Matthew J. Antonelli
Zachariah S. Harrington
WEIL, GOTSHAL & MANGES LLP
Attorneys for Plaintiff
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
(212) 310-8007 (fax)

Betsy C. Sterling
Prisoners' Legal Services of New York
Local Counsel for Plaintiff
102 Prospect Street, Suite B-101
Ithaca, NY 14850
(607) 273-2283, ext. 229
(607) 272-9122 (fax)